UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

_____

MARIA PARSONS and MICHAEL PARSONS,
MARY ANN JONES and JAMES ARTHUR JONES, SR.,
SHANTELL SHAMEA JONES, Individually,
and as the Parent and Natural Guardian of
CARLOS UDAE STEPHENSON, AARON JONES STEPHENSON,
and OZIAH CARSON JONES, Minor Children,
SANDRA WATTS KENNEDY and KEVIN KENNEDY,
Individually, and as the Parents and Natural Guardians
of MURIELLE KEELY KENNEDY, a Minor Child; and
FARINDA OSTEEN, all individually and
on Behalf of a Class of Persons who are Similarly Situated,

         *Plaintiffs*,

v.            CASE NO.: 1:10-cv-00071-MP-GRJ

KOPPERS INC. f/k/a
KOPPERS INDUSTRIES, INC.,
 BEAZER EAST, INC., f/k/a KOPPERS
COMPANY, INC.,
         *Defendants*.

_____

**PLAINTIFFS NUNC PRO TUNC MOTION FOR EXTENSION OF TIME TO FILE A MOTION FOR CLASS CERTIFICATION & INCORPORATED MEMORANDUM OF LAW**
_____

  Pursuant to N.D. Fla. Loc. R. 23.1(B), Plaintiffs file their nunc pro tunc Motion for Extension of Time to File a Motion for Class Certification and Memorandum of Law. In support thereof, Plaintiffs state as follows:

*Parsons, et. al. v. Koppers, Inc., et. al.*
Case No.: 1:10-cv-00071-MP-GRJ
*Plaintiffs' Nunc Pro Tunc Motion for Extension of Time to File a Motion for Class Certification and Incorporated Memorandum of Law*

This case is a class action arising from conduct by the in connection with the "Cabot Koppers Superfund Site" in Gainesville and Defendants pollution of Plaintiffs' homes and real property with harmful disease causing chemicals like dioxin, benzo(a)pyrene and arsenic.

Plaintiffs filed this class action case against Defendants Koppers Inc., Beazer East, and Cabot Corporation on April 20, 2010. After the filing of the Complaint, in May 2010, Plaintiffs' counsel engaged in extensive negotiations with Cabot Corporation. Beginning in June 2010 and the ensuing months, Plaintiffs counsel engaged in informal discovery with Cabot Corporation in order to verify the lack of association between pine tar operations and the production of certain dioxins as well as arsenic and other compounds associated with Koppers use of creosote, pentachlorophenol, and CCA at the Cabot Koppers Superfund Site. In September 2010, Plaintiffs' counsel reached a stipulation from Defendant Cabot Corporation to drop Cabot Corporation as a Defendant in this case. On September 27, 2010, and Notice of Voluntary Dismissal of Cabot Corporation was filed. [D.E. 20].

After the Notice of Voluntary Dismissal was filed and today's date, Plaintiffs' counsel also discovered further information that corporations Koppers Holdings and Beazer Limited also have liability in this case. The need to drop Cabot Corporation and to add Koppers Holdings and Beazer Limited as Defendants required that Plaintiffs file an amended complaint. Accordingly, Plaintiffs diligently filed their Amended Complaint on October 6, 2010, dropping Cabot Corporation as a Defendant and adding Koppers Holdings and Beazer Limited as Defendants. [D.E. 22].

Northern District of Florida Local Rule 23.1(B) requires that counsel seeking class certification file a motion for class certification within 90 days of filing the complaint. Counsel's

*Parsons, et. al. v. Koppers, Inc., et. al.*
Case No.: 1:10-cv-00071-MP-GRJ
*Plaintiffs' Nunc Pro Tunc Motion for Extension of Time to
File a Motion for Class Certification and
Incorporated Memorandum of Law*

failure to file the motion for class certification was a result of excusable neglect and good cause, as set forth above, due to the need to drop Cabot Corporation as a defendant and add Koppers Holdings and Beazer Limited. Moreover, the filing of a motion for class certification when the pleadings would later have to undergo significant amendments would not serve to preserve judicial economy and the parties' resources. In other words, having the Court and the parties' counsel undertake discovery and the filing of motions regarding a motion for class certification that would later have to be amended would be a waste of time. Counsel realizes that the best course of action given the amendments that were needed to the complaint would have been to file a motion for extension of time with the court to file the motion for class certification. Counsel respects this Court and its Local Rules and seeks to comply with the Local Rules. As such, Counsel requests that the Court accept its nunc pro tunc motion for an extension of time to file a motion for class certification within 90 days, or such time as the Court deems appropriate.

Defendants Koppers Inc. and Beazer East, Inc. filed a motion to dismiss Plaintiffs' Complaint [D.E. 17] that is now moot because of Plaintiffs filing of an Amended Complaint. [D.E.22]. Nonetheless, Defendants urged the Court and presumably will again, that Plaintiffs' class action allegations should be stricken due to the failure to comply with N.D. Fla. Loc. R. 23.1(B).

As set forth above, Plaintiffs' failure to file a motion for class certification was a result of excusable neglect and done for good cause. Defendants' request to strike Plaintiffs' class action allegations is overly harsh and Plaintiffs' failure to file the motion for class certification does not prejudice Defendants. Defendants' Motion to Dismiss contains no allegations that Defendants were in any manner prejudiced by Plaintiffs not filing a motion for class certification. Indeed,

*Parsons, et. al. v. Koppers, Inc., et. al.*
Case No.: 1:10-cv-00071-MP-GRJ
*Plaintiffs' Nunc Pro Tunc Motion for Extension of Time to
File a Motion for Class Certification and
Incorporated Memorandum of Law*

the lack of filing the motion for class certification benefits Defendants because it saved their resources in responding to a motion for class certification that would have to be amended due to the amendments to Plaintiffs' complaint.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order granting Plaintiffs' Nunc Pro Tunc Motion for Extension of Time to File a Motion For Class Certification granting Plaintiffs 90 days to file their motion for class certification or whatever amount of time this Court believes appropriate.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs request oral argument in the issues raised in this motion. Plaintiffs estimate that 15 minutes will be required for oral argument.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court this 6th day of October 2010, by using the CM/ECF system which will send notice of electronic filing to all parties of record.

By: /s/ Ervin A. Gonzalez
Ervin A. Gonzalez
Florida Bar Number 500720
Patrick S. Montoya
Florida Bar Number 0524441
**COLSON HICKS EIDSON**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
Email: Ervin@colson.com
Email: Patrick@colson.com

*Parsons, et. al. v. Koppers, Inc., et. al.*
*Case No.: 1:10-cv-00071-MP-GRJ*
*Plaintiffs' Nunc Pro Tunc Motion for Extension of Time to*
*File a Motion for Class Certification and*
*Incorporated Memorandum of Law*

Jordan L. Chaikin
Florida Bar Number 0878421
**PARKER WAICHMAN ALONSO LLP**
3301 Bonita Beach Road, Suite 101
Bonita Springs, Florida 34134
Telephone: (239) 390-1000
Facsimile: (239) 390-0055
Email: jchaikin@yourlawyer.com

**ATTORNEYS FOR PLAINTIFFS**