UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE, DIVISION

---

MARIA PARSONS and MICHAEL PARSONS,
MARY ANN JONES and JAMES ARTHUR
JONES, SR., SHANTELL SHAMEA JONES,
Individually, and as the Parent and Natural
Guardian of CARLOS UDAE STEPHENSON,
AARON JONES STEPHENSON, and OZIAH
CARSON JONES, Minor Children, SANDRA
WATTS KENNEDY and KEVIN KENNEDY,
Individually, and as the Parents and Natural
Guardians of MURIELLE KEELY KENNEDY, a
Minor Child, and FARINDA OSTEEN,
Individually and on Behalf of a Class of Persons
who are Similarly Situated,

     Plaintiffs,

v.                                                                  CASE NO. 1:10-cv-00071-MP-GRJ

KOPPERS INC., f/k/a KOPPERS INDUSTRIES,
INC., CABOT CORPORATION, and BEAZER
EAST, INC.

     Defendants.

---

**JOINT RULE 26 CONFERENCE REPORT**

---

Preliminary Statement

     This Case Management Report sets out a specific and detailed structure for the progress of this case.  Under the proposed approach, the case will proceed in an orderly sequence.  If the case survives Defendants' motion to dismiss but the Court grants Defendants' motion to strike Plaintiffs' class allegations, and class issues are removed from the case, discovery and other pretrial activities directed toward the named Plaintiffs' individual claims may commence immediately.  If, on the other hand, any class allegations survive Defendants' motion to strike, the parties believe that discovery should, in the initial stages, be focused on preparing the evidentiary record for briefing and argument on class certification.  Once the issue of class certification is decided, the

parties and the Court will know the size and scope of this case and be in a far better position to assess the remaining discovery and pretrial activities in the case on the merits.

The purpose of this approach is to promote judicial economy and the orderly and timely resolution of this case. This approach appropriately balances the need for sufficient time for factual development and briefing in a case of this size and complexity, with the parties' and the Court's interest in prompt resolution of this dispute.

1. <u>Meeting of the Parties:</u>  Pursuant to the Court's September 23, 2010 Initial Scheduling Order, the following persons participated in a Rule 26(f) conference on October 21, 2010 by telephone conference:

   | Name | Counsel for |
   | --- | --- |
   | Ervin A. Gonzalez | Plaintiffs |
   | Dennis P. Waggoner | Koppers Inc. and Beazer East, Inc. |
   | David A. Kanter | Koppers Inc. and Beazer East, Inc. |
   | Brent R. Austin | Koppers Inc. and Beazer East, Inc. |

2. <u>Initial Disclosures:</u>  The parties will complete the initial disclosures required by Rule 26(a)(1) by November 30, 2010.

3. <u>Discovery Plan</u>: The parties propose the following discovery plan:

   a. <u>Discovery Issues and Timing – Rule 26(f)(3)(B)</u>:

      i. <u>Subjects on Which Class-Certification Discovery Will Be Needed:</u> Class certification discovery will focus on whether or not alleged common issues among putative class members or property-specific issues would be the focus of a class trial on the merits, and whether the named Plaintiffs would be adequate class representatives. At a minimum, such issues are relevant to Rule 23's commonality, typicality, adequacy, predominance, and superiority requirements. Thus, discovery would be focused on issues such as the following: (1) whether and to what extent any plaintiff's property has elevated levels of chemicals of concern; (2) if so, whether the alleged "Site" or some other source is the cause of the elevation; (3) whether the concentrations of any chemicals of concern are at levels that pose a potential risk to human health; and (4) whether the value of any plaintiff's property has been impacted by any elevated levels of

        chemicals of concern in light of the use of the property (i.e. residential versus commercial).[1]

ii. <u>Sequencing of Class Certification Issues Before Merits Issues:</u> The parties propose sequencing discovery to focus on class certification issues before merits issues, consistent with the Manual for Complex Litigation, Fourth, §21.14 and the Eleventh Circuit's decision in *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570-71 (11th Cir. 1992), using the schedule set forth below in Section 3(a)(iii).

<u>The parties will endeavor to agree on what constitutes "class discovery" and what constitutes "merits discovery." Recognizing that there may be reasonable differences in opinion on the scope of "class discovery," the parties will seek the Court's assistance on this issue only after attempting to resolve their differences.</u>

iii. <u>Proposed Schedule:</u> The parties propose the following schedule:

1. <u>Pleadings:</u> On September 20, 2010, Defendants filed a Motion to Dismiss Class Action Complaint or, in the Alternative, to Strike Class Allegations and Prayers for Relief [DE-17]. Plaintiffs filed an Amended Class Action Complaint on October 6, 2010 [DE-22]. Plaintiffs also filed on October 6, 2010 their Nunc Pro Tunc Motion for Extension of Time to File a Motion for Class Certification. [DE-23] ("Motion for Extension") Defendants have until November 19, 2010 to file their responses to the Amended Complaint and to Plaintiffs' Motion for Extension. Discovery shall not commence until after Plaintiffs have filed a complaint that survives a motion to dismiss, if any (hereinafter, "Complaint"), and Defendants have answered the Complaint.

2. <u>Class Certification Discovery and Briefing Schedule:</u>

    a. If the Court grants Plaintiffs' Motion for Extension, Plaintiffs shall file their Motion for Class Certification (along with all supporting evidence and any supporting expert affidavits or reports), designate experts for class certification hearing and disclose fact witnesses not already disclosed as part

---

[1] Neither Plaintiffs nor Defendants are waiving any arguments in connection with the class certification issue in this brief summary of the case.

3

of the Initial Disclosures on class certification issues within 90 days after Defendants' Answer to the Complaint is filed. The parties may begin to serve requests for entry onto land related to class issues, if any, at this time.

b. The final date for filing motions for leave to join parties shall be thirty days after Defendants' Answer to the Complaint is filed.

c. Fact Discovery. The parties shall complete written discovery and depositions of Plaintiffs' fact witnesses on class certification issues (which could involve as many as 5 property inspections, 12 depositions of plaintiffs, and examination of potential medical issues) within 150 days after Defendants' Answer to the Complaint is filed.

d. Expert Discovery. The parties shall complete depositions of Plaintiffs' expert witnesses within 90 days after the close of Fact Discovery as set forth above. Defendants shall serve expert reports related to class certification issues within 90 days after the close of Fact Discovery as set forth above. The parties shall complete depositions of Defendants' expert witnesses on class certification issues within 90 days after the close of Fact Discovery as set forth above.

e. Defendants' Opposition to Class Certification, all motions to exclude any expert designated by any party under *Daubert* and its progeny and any other potentially dispositive motions (including motions for summary judgment) shall be filed 45 days after the close of Expert Discovery as set forth above.

f. Plaintiffs' Reply in Support of Their Motion for Class Certification shall be filed within 20 days after Defendants file their Opposition to Class Certification.

g. Any response in opposition to a motion to exclude under *Daubert* and its progeny and any other potentially dispositive motions shall be filed within

4

                20 days after the motion to which it responds is served.

        h. Hearing on motions to exclude under *Daubert* and its progeny and any other potentially dispositive motions to be set by the Court.

        i. Hearing on Plaintiffs' Motion for Class Certification, if necessary, to be set by the Court after resolution of all motions to exclude under *Daubert* and its progeny and any other potentially dispositive motions.

    3. <u>Merits Discovery:</u>  All discovery other than that related to class certification issues shall be stayed pending a final decision on Plaintiffs' Motion for Class Certification.  The Court shall schedule a status conference to schedule further pre-trial proceedings in this matter following: (1) its final ruling on Plaintiffs' Motion for Class Certification and (2) the exhaustion of all Rule 23(f) appellate rights and proceedings.

b. <u>Electronically Stored Information and Claims of Privilege or Protection – Rule 26(f)(3)(C) and (D):</u>

    i. The parties will negotiate the terms of a protective order governing the handling of information sought during discovery that may be competitively sensitive, financially sensitive, or a trade secret, or that is otherwise appropriate for submission under seal.  The parties agree that the protective order will contain a "claw-back" provision that allows a producing party to obtain the automatic return of inadvertently produced documents for which it asserts the attorney-client privilege, work product protection, or any other privilege recognized under applicable law, such that, upon request, the receiving party must immediately return such documents without reviewing or using the information contained in them, and no waiver of the privilege will result.  The parties will submit a proposed order within 15 days after the entry of a Case Management Order.

    ii. The parties will likely request and produce information from electronic or computer-based media.  Disclosure and production will be limited to data reasonably available to the parties in the ordinary course of business as provided by the Federal Rules of Civil Procedure.  Electronically stored information shall be

produced in either TIFF or native format, at the producing party's option. After receiving a production of electronically stored information, if the requesting party seeks production of metadata associated with the electronically stored information, it will demonstrate to the producing party a reasonable basis for requesting the metadata. If the parties cannot agree on the production of metadata, the production of metadata will be decided upon motion of the requesting party by the magistrate judge or District Court Judge.

The parties have taken reasonable measures to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise. In particular, Defendants have had litigation holds in place since the inception of this litigation. The "claw-back" provision described in Section 3(b)(i) shall apply to any electronic production. A request for Defendants to preserve legacy documents has been made, and Defendants will take all reasonably necessary actions to preserve the legacy information in electronic storage.

c. <u>Limits on Discovery – Rule 26(f)(3)(E)</u>:

  i. <u>Number of Written Interrogatories:</u>  The parties shall abide by the 25 interrogatory limit imposed by Rule 33(a)(1) of the Federal Rules of Civil Procedure. Each side is free to allocate its 25 interrogatories as it wishes between the class-related fact discovery period and the subsequent merits-related discovery period.[2]

  ii. <u>Requests for Admission:</u>  Pursuant to the Federal Rules of Civil Procedure, there shall be no limit on the number of requests for admission.

  iii. <u>Requests for Production:</u>  Pursuant to the Federal Rules of Civil Procedure, there shall be no limit on the number of requests for production.

  iv. <u>Oral Depositions:</u>

---

[2] The parties propose that limits on the number of interrogatories (or other types of discovery requests) shall be computed per side, rather than per party, such that – using interrogatories as an example – (1) Plaintiffs may serve one set of 25 interrogatories (rather than multiplying 25 interrogatories times the number of class representatives), and (2) Defendant may serve one set of 25 interrogatories (to be answered by each class representative, without requiring Defendant to expend multiple interrogatories to pose the exact same question to each of them).

       1. <u>Total Number Permitted:</u> There shall be no limit on the number of depositions permitted.

       2. <u>Time Limit:</u> The parties shall follow the seven-hour time limit set forth in Rule 30(d)(2) of the Federal Rules of Civil Procedure unless a different time limit is stipulated or ordered by the Court.

    d. <u>Any Other Orders - Rule 26(f)(3)(F):</u> At this time, the parties do not anticipate any orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c), other than those discussed herein.

4. <u>Consent to Magistrate Judge Jurisdiction:</u> In accordance with Rule 73.1(A) of the Local Rules, the parties have conferred regarding their willingness to consent to magistrate judge jurisdiction.

5. <u>Nature and Basis of Claims and Defenses:</u> Plaintiffs assert claims for medical monitoring and equitable and injunctive relief, statutory violations, nuisance, trespass, negligence, negligence per se, and strict liability based on the alleged emission of chemicals and dust during and after commercial wood treatment and charcoal/wood oil production operations conducted at a Superfund site ("the Site") in Gainesville, Florida. Defendants owned the Site at different times and conducted different operations at various times. Plaintiffs seek damages for one or more of the following: Diminished property value, medical monitoring, loss of use and enjoyment of property, annoyance and inconvenience, and stigma. The exact nature of the relevant defenses are presently unknown as Defendants have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). It is anticipated that, should the Court deny Defendants' motion to dismiss, Defendants will deny the material allegations of Plaintiffs' complaint and raise various affirmative defenses including statute of limitations. Defendants will also oppose any Motion for Class Certification.

6. <u>Settlement and Alternative Dispute Resolution:</u> The parties are working together to schedule court-ordered mediation.

7. <u>Supplementation of Disclosures and Responses:</u> Supplementation under Fed. R. Civ. P. 26(e) shall be provided within thirty days of the event giving rise to the need to supplement.

8. <u>Joinder of Parties, Amendments to the Pleadings, and the Filing of Motions and Responses:</u> In order for the Court to make a meaningful analysis of class certification issues, joinder of parties shall be completed before the hearing on Plaintiffs' Motion for Class Certification, pursuant to the schedule set forth in Section 3(a)(iii)(2) above. The final date for filing motions for leave to amend pleadings or join third parties, motions for summary judgment, and all other

potentially dispositive motions shall be determined at the status conference referenced in Section 3(a)(iii)(3) above.

9. <u>Trial:</u> The length of time required to position the case for trial and the length of the trial are dependent upon the Court's ruling on Plaintiffs' Motion for Class Certification, and can best be estimated following that decision.

10. <u>Other Items:</u>

    a. <u>Redaction of Documents:</u>

        i. Each side may redact documents that contain information that is non-responsive, or that is subject to a claim of privilege (whether based on attorney-client privilege, the work product doctrine, or other similar law or rule).

        ii. Each side retains the right to move to compel production of information redacted for privilege, and the other side retains the right to object.

    b. <u>Privilege Log:</u> The parties agree that they will produce privilege logs in Excel format or a similar electronic format that allows text searching and organization of data. A party will produce a privilege log within sixty days after its first production of documents for which privilege is asserted to apply, and within the same time period following any subsequent or rolling productions.

    c. <u>Costs of Production:</u> While each party expressly reserves its rights to seek costs relating to this litigation, including the costs of producing documents and reasonably accessible electronic documents, initially each party will bear the costs to process, review and produce its own documents and reasonably accessible electronically stored information.

Date:   November 8, 2010                        Respectfully submitted,

                                                s/ Dennis P. Waggoner
**OF COUNSEL:**                                 Benjamin H. Hill, III (FBN 094585)
Robert L. Shuftan (ILBN 3124475)                bhill@hwhlaw.com
*Northern District Bar application to be*       Dennis P. Waggoner (FBN 509426)
*submitted*                                     dwaggoner@hwhlaw.com
shuftan@wildman.com                             HILL, WARD & HENDERSON P.A.
David A. Kanter (ILBN 6187653)                  101 East Kennedy Blvd., Suite 3700

*Admitted to Northern District Bar 9/30/10*
kanter@wildman.com
Brent R. Austin (ILBN 6220501)
*Admitted to Northern District Bar 9/29/10*
austin@wildman.com
Paul K. Freeborn (ILBN 6277489)
*Admitted to Northern District Bar 10/28/10*
freeborn@wildman.com
Megan C. Millirons (ILBN 6290249)
*Admitted to Northern District Bar 9/29/10*
millirons@wildman.com
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, Suite 2800
Chicago, IL 60606
Phone: 312-201-2000
Fax: 312-201-2555

P.O. Box 2231
Tampa, FL 33602
Phone: (813) 221-3900
Fax: (813) 221-2900

**ATTORNEYS FOR DEFENDANTS KOPPERS INC. and BEAZER EAST, INC.**

s/ Ervin A. Gonzalez
_____

Ervin A. Gonzalez (FBN 500720)
Ervin@colson.com
Patrick S. Montoya (FBN 0524441)
Patrick@colson.com
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

s/ Jordan L. Chaikin
_____

Jordan L. Chaikin (FBN 0878421)
PARKER WAICHMAN ALONSO LLP
3301 Bonita Beach Road, Suite 101
Bonita Springs, FL  34134
Phone: (239) 390-1000
Fax: (239) 390-0055

**ATTORNEYS FOR PLAINTIFFS**