## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

_____

MARIA PARSONS and MICHAEL PARSONS,
MARY ANN JONES and JAMES ARTHUR JONES, SR.,
SHANTELL SHAMEA JONES, Individually,
and as the Parent and Natural Guardian of
CARLOS UDAE STEPHENSON, AARON JONES STEPHENSON,
and OZIAH CARSON JONES, Minor Children,
SANDRA WATTS KENNEDY and KEVIN KENNEDY,
Individually, and as the Parents and Natural Guardians
of MURIELLE KEELY KENNEDY, a Minor Child; and
FARINDA OSTEEN, all individually and
on Behalf of a Class of Persons who are Similarly Situated,

                                    *Plaintiffs*,

v.                                                      CASE NO.: 1:10-cv-00071-MP-GRJ

KOPPERS INC. f/k/a
KOPPERS INDUSTRIES, INC.,
BEAZER EAST, INC., f/k/a KOPPERS
COMPANY, INC.,
                          *Defendants*.

_____

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT AND CLASS ALLEGATIONS AND PRAYERS FOR RELIEF [D.E. 50]

_____

        Plaintiffs respectfully submit this memorandum in opposition to the motion filed

by two of the Defendants (Koppers, Inc. and Beazer East, Inc.) to dismiss the Amended

Complaint and to strike the class allegations and references to certain Florida statutes.

According to Defendants, the Amended Complaint fails to meet the applicable pleading

standard because its factual allegations are too sweeping, fail to differentiate among the

defendants, and rely upon statutes whose applicability is "dubious."

        Additionally, Defendants attack the allegations relating to the class action claims,

not because these allegations are faulty in any respect, but because the Plaintiffs allegedly

failed to file a timely motion seeking certification of the class, which – according to the

*Parsons, et. al. v. Koppers, Inc., et. al.*
*Case No.: 1:10-cv-00071-MP-GRJ*
*Plaintiffs' Memorandum in Opposition to Defendants'*
*Motion to Dismiss Amended Class Action Complaint and*
*Class Allegations and Prayers for Relief [D.E.50]*

Defendants – violates Local Rule 23.1(B). And Defendants seek to strike portions of the Amended Complaint referencing violations of the Pollution Discharge Prevention and Control Act as somehow "immaterial."

Defendants' arguments are entirely specious. No case law supports the pleading standard they invoke. Rather, the allegations asserted in the Amended Complaint far exceed the judicially recognized and applied pleading standard in accordance with the United States Supreme Court's recent decisions in this respect. Contrary to Defendants' assertions, no case holds that a complaint must "delineate" among defendants under the circumstances in this proceeding. Nor does any case support dismissal of a complaint because, in the view of a defendant, applicability of a statute to its conduct and liability is "dubious." Further, the attack on the timeliness of class certification proceedings is already subject to motion practice to address (and if necessary to cure) any failure to comply with Local Rule 23.1(B).[1] And the Rule 12(f) attack on certain portions of the Amended Complaint finds no support either under that Rule or any case law applying that rule.

---

[1] Oral argument was held on Plaintiffs' Nunc Pro Tunc Motion for Extension of Time to File a Motion for Class Certification & Incorporated Memorandum of Law (D.E. 23), on November 30, 2010, Plaintiffs incorporate their motion and oral argument in this Memorandum in Opposition by reference.

Plaintiffs also filed an unopposed Motion for Extension of Time to Respond to Defendants' Motion to Dismiss [D.E. 54] that the Court has not ruled upon, as such, in an abundance of caution and to comply with the Local Rules, Plaintiffs have filed the instant Memorandum in Opposition. To the extent that the Court's ruling on Plaintiffs' Nunc Pro Tunc Motion for Extension to File a Motion for Class Certification impacts Defendants' Motion to Dismiss, Plaintiffs may seek leave of this Court to amend this Memorandum in Opposition.

*Parsons, et. al. v. Koppers, Inc., et. al.*
*Case No.: 1:10-cv-00071-MP-GRJ*
*Plaintiffs' Memorandum in Opposition to Defendants'*
*Motion to Dismiss Amended Class Action Complaint and*
*Class Allegations and Prayers for Relief [D.E.50]*

For all these reason, and others explained below, Defendants' motion to dismiss should be denied.

## I.     INTRODUCTION

In this proceeding, Plaintiffs (a group of residents of the area surrounding a highly contaminated site in Gainesville, Florida) seek to present claims on their own behalf and to represent a class of their neighbors in pursuing claims against the former owner/operator of that site, Beazer East, and the companies who are its successors in interest, indemnitors or current owners in connection with its liability at this site.  The Site was contaminated through the Defendants' operation of a wood treatment business, through which cancer causing chemicals used in wood treatment were discharged, spilled, leaked, seeped, poured, emitted or dumped.  See, Amended Complaint at ¶ 114.

Beazer East and its successors in interest are far from strangers to claims that their wood treatment operations caused severe contamination.  To the contrary, Beazer East has been the subject of numerous investigations by state and federal environmental officials, and has been held liable in a variety of lawsuit for costs of remediating discharges of chemicals and waste in connection with its wood treatment operations. See, e.g., *Dent v. Beazer Materials and Services, Inc., and Beazer East, Inc.*, 133 F.3d 914, 1998 WL 24977 (4th Cir. 1998); *Chicago Bridge & Iron Co., v. Certain Underwriters at Lloyd's, London,* 59 Mass. App. Ct. 646, 797 N.E.2d 434 (Mass. App. Ct., 2003) (summarizing investigations and litigation relating to sites for which Beazer or its successors in interest were required to remediate, in whole or in part, in Massachusetts, California, Louisiana, Missouri, and Florida).  In connection with the

*Parsons, et. al. v. Koppers, Inc., et. al.*
*Case No.: 1:10-cv-00071-MP-GRJ*
*Plaintiffs' Memorandum in Opposition to Defendants'*
*Motion to Dismiss Amended Class Action Complaint and*
*Class Allegations and Prayers for Relief [D.E.50]*

*Dent* litigation, the trial court expressly found that "Beazer knew its waste handling practices were unsound," but "consciously" refused to upgrade its waste handling system. Id. at 4.

Nor are the Defendants unaware that their activities at the Gainesville, Florida site caused contamination to the Site, and in particular contamination to groundwater. To the contrary, their wood treatment operations at the Site have been the target of federal and state investigations and remediation orders since 1983. Indeed, the Site is the subject of yet another Remediation Order Decision issued in July, 2010.

Nonetheless, according to Defendants, the Plaintiffs' Amended Complaint fails to give them fair notice of the grounds upon which Plaintiffs seek recovery for contamination caused to their properties and for potential bodily injury through exposure to cancer causing chemicals released by the Defendants at their Site. On this basis, Defendants have moved under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Amended Complaint, on grounds set out in a rambling and disorganized memorandum filed in support thereof (hereinafter, "Def. Mem."). As demonstrated in Part II, below, Defendants' arguments in support of their motion to dismiss are baseless and insupportable, and should be denied as such. In addition, as demonstrated in Part III, Defendants alternative arguments to strike the class action allegations and any references to the Pollution Discharge Prevention and Control Act should be denied as well.

## II.   DEFENDANTS FAIL TO ASSERT ANY BASIS TO DISMISS THE AMENDED COMPLAINT

### A.   The Applicable Pleading Standard

*Parsons, et. al. v. Koppers, Inc., et. al.*
*Case No.: 1:10-cv-00071-MP-GRJ*
*Plaintiffs' Memorandum in Opposition to Defendants'*
*Motion to Dismiss Amended Class Action Complaint and*
*Class Allegations and Prayers for Relief [D.E.50]*

At the core of Defendants' arguments in support of their motion to dismiss is an incomplete and improper paraphrase of the judicially recognized standard arising from the Supreme Court's recent decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007) and *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). As presented by Defendants, the elements of the *Twombly/Iqbal* standard that should guide this Court's deliberations are that "factual allegations must be enough to raise a right of relief above a speculative level," and that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See, Def. Mem., at 6. There is, however, much more guidance to be drawn from *Twombly* and *Iqbal*, and their progeny. Defendants' motion ignores this guidance because it undermines their arguments entirely.

While it is true that, "In *Twombly,* the Supreme Court distinguished "plausible" claims from allegations that were merely "conceivable,"[2] it is equally true that the Supreme Court made clear that its decision in *Twombly* "[did] not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.*. Indeed, as the Supreme Court held in *Erickson v. Pardus,* 551 U.S. 89 (2007) (per curiam) (which was issued just two weeks after *Iqbal),* in applying the *Twombly* formulation of the Rule 12(b)(6) standard, a court must also take into account the standard under Rule 8(a)(2), which makes clear that "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the

---

[2] This plausibility standard "'does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' to prove [the] claim." *Kidd v. Ashcroft,* 580 F.3d 949, 977 (9th Cir.2009) (quoting *Twombly,* 550 U.S. at 556).

*Parsons, et. al. v. Koppers, Inc., et. al.*
*Case No.: 1:10-cv-00071-MP-GRJ*
*Plaintiffs' Memorandum in Opposition to Defendants'*
*Motion to Dismiss Amended Class Action Complaint and*
*Class Allegations and Prayers for Relief [D.E.50]*

grounds upon which it rests." *Id.*, at 93.

As the Eleventh Circuit noted in overruling a dismissal under Rule 12(b)(6) in *Speaker v. U.S. Dept. of Health and Human Services Centers for Disease Control and Prevention,* --- F.3d ----, 2010 WL 4136634 (11th Cir. 2010), in *Twombly,*

> The Supreme Court explained that a complaint "does not need detailed factual allegations," but the allegations "must be enough to raise a right to relief above the speculative level." Furthermore, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."

> Subsequently, in *Iqbal* the Supreme Court clarified that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949; *see also Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295-96 (11th Cir. 2007) ("The Court has instructed us that the rule 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (quoting *Twombly,* 550 U.S. at 556, 127 S.Ct. at 1965).

Therefore, as the Eleventh Circuit emphasized in *Speaker,* a complaint will survive a motion to dismiss as long as the Plaintiff "has pleaded enough factual content to 'nudge his claims across the line from conceivable to plausible.'" (citing *Twombly,* 550 U.S. at 570).

The Eleventh Circuit also addressed the *Twombly* standard in *Young Apartments, Inc. v. Town of Jupiter,* 529 F.3d 1027 (11th Cir. 2008):

> All of the factual allegations in the complaint must be accepted and construed in the light most favorable to the plaintiff. *Beck v. Deloitte & Touche,* 144 F.3d 732, 735 (11th Cir. 1998). A motion to dismiss does not test the merits of a case, but only requires that "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.' " *Mills v. Foremost Ins. Co.,* 511 F.3d 1300, 1303 (11th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)).

*Parsons, et. al. v. Koppers, Inc., et. al.*
*Case No.: 1:10-cv-00071-MP-GRJ*
*Plaintiffs' Memorandum in Opposition to Defendants'*
*Motion to Dismiss Amended Class Action Complaint and*
*Class Allegations and Prayers for Relief [D.E.50]*

Most recently, the United States Middle District of Florida observed, in *Steiner-Out v. Lone Palm Golf Club, LLC,* 2010 WL 4366299 (M.D. Fla. 2010) that,

- "In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff." (citing *Murphy v. Federal Deposit Ins. Corp.,* 208 F.3d 959, 962 (11th Cir.2000) and *Kirby v. Siegelman,* 195 F.3d 1285, 1289 (11th Cir.1999));

- "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." (citing *Twombly*);

- "the Court must assume that all of the allegations in the complaint are true," and

- "The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations."

Lastly, Courts have uniformly observed that, "In considering the merits of a motion to dismiss, the Court is authorized to look beyond the facts alleged in the pleadings, to include 'documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken'." *In re Celexa and Lexapro Marketing and Sales Practices Litig.,* __ F.Supp.2d__, 2010 WL 4644429 (D. Mass. 2010)(citing *Nollet v. Justices of the Trial Court of Mass.,* 83 F.Supp.2d 204, 208 (D. Mass. 2000) *aff'd,* 248 F.3d 1127 (1st Cir.2000)).

In sum, under *Twombly, Iqbal* and *Erickson,* this Court has been directed by the Supreme Court to reject any demands by the Defendants for "specific facts" as inconsistent with Rule 8, and to deny Defendants' motion to dismiss under Rule 12(b)6) if, considering all appropriate sources, accepting as true all allegations of fact presented

*Parsons, et. al. v. Koppers, Inc., et. al.*
*Case No.: 1:10-cv-00071-MP-GRJ*
*Plaintiffs' Memorandum in Opposition to Defendants'*
*Motion to Dismiss Amended Class Action Complaint and*
*Class Allegations and Prayers for Relief [D.E.50]*

by the Plaintiffs and reading all such  allegations in the light most favorable to the Plaintiffs, and drawing all reasonable inferences therefrom, the Plaintiffs' claims are "nudged" across the line from "conceivable to plausible" and that it gives fair notice to Defendant of what the claim is and the grounds upon which it rests.        Plaintiffs submit that the Amended Complaint amply meets – indeed far exceeds – this standard by a wide margin.

### B. Defendants' Omnibus Attacks on the Amended Complaint Provide No Basis to Dismiss Any Counts

Based on their incomplete explication of the *Twombly/Iqbal/Erickson* standard, Defendants present three broad based attacks, apparently directed at all counts in the Amended Complaint, announcing that the Amended Complaint as a whole must be dismissed for failure to "specify" certain categories of facts.  Each of these attacks is baseless.

### 1. Plaintiffs Are Not Required to Plead "Specific Facts" as to Type or Nature of Harm

Defendants announce, at p. 7 of their Memorandum, that "a plaintiff must allege specific facts showing that the defendant caused physical harm to his/her property.  A plaintiff cannot state such claims merely by alleging that his/her property has decreased in value."  This statement is directly inconsistent with the Supreme Court's clear and explicit holding in *Erickson, supra,* which Defendants fail to even acknowledge, let alone address.

Instead, in support of their sweeping demand for more "specific facts," Defendants rely entirely upon a single decision of a Florida state district court of appeals

*Parsons, et. al. v. Koppers, Inc., et. al.*
*Case No.: 1:10-cv-00071-MP-GRJ*
*Plaintiffs' Memorandum in Opposition to Defendants'*
*Motion to Dismiss Amended Class Action Complaint and*
*Class Allegations and Prayers for Relief [D.E.50]*

in *The St. Joe Co. v. Leslie,* 912 So 2d 21 (Fla. Dist Ct. App., 2005). That decision

provides utterly no support for Defendants' claim. In *St. Joe,* the state appellate court

was not addressing pleading standards, and clearly was not applying pleading standards

under the Federal Rules of Civil Procedure. Rather, the appellate court was reviewing the

evidentiary record presented during class certification proceedings (in which "no proof

was adduced that any of the class representatives' land was contaminated") and

determining whether this would be sufficient for class certification under Florida state

procedural rules. In other words, the decision in *St. Joe* arises under totally

distinguishable circumstances under procedures that are irrelevant to this motion,

rendering that decision totally inapposite here.[3]

     In any event, the Plaintiffs' pleading more than meets the challenge asserted by

Defendants. Here, Plaintiffs have plead, in substantial detail, exactly where their real

property is located, see Amended Complaint ¶9, 11, 13, 15, and 17; that their "real

property is contaminated," ¶48; that the nature of that contamination is dioxin and dioxin-

like compounds, ¶¶ 43, 49; that the source of this contamination is the properties at which

the Defendants released dioxin-related chemicals, ¶¶43-45; and that the hazardous waste

at Defendants' facility "leaked, seeped, or was carried onto and into Plaintiffs and Class

Members homes and real property in the Class Affected area, seriously contaminating it,"

¶ 82. Thus, contrary to Defendants' pronouncements, Plaintiffs have not merely claimed

---

[3] The limited scope of the ruling in *St. Joe* has been noted by other courts. See, e.g., *Doyle v. Fluor Corp.*, 199 S.W.3d 784, 790 n.1 (Mo. App., 2006); *The Ryland Group, Inc. v. Addelman,* 2006 WL 4749575 (Fla. Cir. Ct.) (November 27, 2006)

*Parsons, et. al. v. Koppers, Inc., et. al.*
*Case No.: 1:10-cv-00071-MP-GRJ*
*Plaintiffs' Memorandum in Opposition to Defendants'*
*Motion to Dismiss Amended Class Action Complaint and*
*Class Allegations and Prayers for Relief [D.E.50]*

that their property has decreased in value without reference to some physical injury. Rather, Plaintiffs allege that their property has been physically injured by the presence of contamination sourced from Beazer East's activities (for which the other Defendants are legally liable as Beazer East's successor in interest or indemnitor), in terms that are quite specific. This clearly meets the *Twombly* standard by giving "fair notice of what the claim is and the grounds upon which it rests." The Defendants have no basis to demand anything more than this from the Plaintiffs at this point in the proceeding. See, *Erickson.*

Similarly, Defendants announce, Def. Mem. at 7, that "this Court recently confirmed that pleadings that generically allege exposure, without any specific facts regarding the level of the plaintiff's exposure or manner in which the defendant's conduct caused the exposure, fail the *Twombly* and *Iqbal* standards," citing *Calhoun v. U.S.,* 2010 WL 3277652 (N.D. Fla. June 30, 2010). Yet again, Defendants announce some sweeping standard for which they present a single case which, on any reading, is utterly inapposite to this case. In *Calhoun,* a magistrate issued a report recommending that the complaint filed by a *pro se* plaintiff against the United States under the Federal Torts Claims Act be dismissed, for numerous reasons, including failure to exhaust administrative remedies and the lapse of the period applicable under the statute of limitations.[4] Of course, neither of these issues is present in this proceeding.

The magistrate continued in *Calhoun* to reach the government's alternative grounds for dismissal for failure to meet the *Twombly* standard. Although the magistrate recommended dismissal, this was not based on the "failure to specify the exact level of

---

[4] The magistrate's report was subsequently adopted by Court order, without further substantive discussion of the issues addressed therein.

*Parsons, et. al. v. Koppers, Inc., et. al.*
*Case No.: 1:10-cv-00071-MP-GRJ*
*Plaintiffs' Memorandum in Opposition to Defendants'*
*Motion to Dismiss Amended Class Action Complaint and*
*Class Allegations and Prayers for Relief [D.E.50]*

contamination" grounds now asserted by the Defendants here. Rather, the magistrate concluded that "the plaintiff's contention that the Air Force is committing the alleged misconduct is based on unwarranted deductions of fact and unreasonable inferences." The magistrate did not propose any rule requiring that a plaintiff must "specify the level" of exposure or "the manner in which the defendant's conduct caused the exposure." Indeed, he did not even reach the issue whether the pleadings regarding the level of exposure met the *Twombly* standard (although the United States asserted that it did not). And, to the extent the magistrate proposed any broad rule of any nature, it would be applicable only in the specialized legal context arising under the Federal Torts Claims Act, which is of no relevance in this proceeding.

Ultimately, the extent to which the Amended Complaint meets the Supreme Court's *Twombly/Iqbal/Erickson* standard is most clearly resolved by reference to motions to dismiss in comparable proceedings, including *Sher v. Raytheon Co.,* 2008 WL 2788724 (M.D. Fla. July 15, 2008). There, the United States District Court for the Middle District of Florida addressed, and rejected, a motion to dismiss a contamination case asserting the same types of claims as present in this proceeding. The defendants in *Sher* invoked *Twombly* and *St. Joe,* just as the Defendants do here. The Middle District of Florida held that the same quality, nature and extent of allegations as presented here in the Amended Complaint "meet the requirements set forth in" *Twombly;* that "the physical aspect of the claim for private nuisance has been satisfied by allegations of the Complaint that Plaintiffs' property has been invaded by the contaminants from the site"; that "the count for strict liability for conducting abnormally hazardous activities is sufficiently

*Parsons, et. al. v. Koppers, Inc., et. al.*
*Case No.: 1:10-cv-00071-MP-GRJ*
*Plaintiffs' Memorandum in Opposition to Defendants'*
*Motion to Dismiss Amended Class Action Complaint and*
*Class Allegations and Prayers for Relief [D.E.50]*

pled in view of the activities alleged in the form of disposing of hazardous chemicals on the Plaintiff's property"; and that "the count for negligence based on failure to warn is legally sufficient to withstand dismissal, and the Complaint adequately alleges injury to the Plaintiffs' property."

Just as in *Sher,* Plaintiffs here assert that their property has been invaded by contaminants, see Amended Complaint at, e.g., ¶¶ 42-46, 83, 86, 97, 104; that Defendants conducted abnormally hazardous activities which resulted in disposal of hazardous chemicals in their homes or properties, see, id.; ¶ 83; and that the Defendants have been negligent in failing to warn the Plaintiffs regarding their hazardous conduct, see id., ¶¶ 94-96. Just as in *Sher,* all of these allegations meet, and exceed, the requisite standard, and therefore in the words of the *Sher* Court, "withstand dismissal."

## 2. Defendants Fail to Demonstrate Any Basis to Dismiss for Failure to Differentiate the Conduct of Each Defendant

Defendants continue their attack on the entirety of the Amended Complaint by asserting that all of the counts therein fail to plead allegations which differentiate (or delineate) among the various defendants. According to Defendants (but without submission of any supporting evidence,

> each of [the Defendants] owned a portion of the Site at different times and conducted different operations during its period of operation. Despite these important distinctions in each Defendants' involvement with the Site, plaintiffs lump the defendants together and make no attempt to differentiate the nature of their alleged claims against each defendant.

Def. Mem. at 7-8. Further, according to Defendants, "Since *Twombly* and *Iqbal,* several federal courts have concluded that pleadings which collectively reference 'defendants,' . . . fail the *Twombly* and *Iqbal* standards." Def. Mem. at 9.

*Parsons, et. al. v. Koppers, Inc., et. al.*
*Case No.: 1:10-cv-00071-MP-GRJ*
*Plaintiffs' Memorandum in Opposition to Defendants'*
*Motion to Dismiss Amended Class Action Complaint and*
*Class Allegations and Prayers for Relief [D.E.50]*

These assertions do not withstand scrutiny. On the one hand, the Amended Complaint clearly sets forth the specific, differentiated nature of each respective Defendant's liability. Thus, the Amended Complaint alleges, at ¶20, that "At all times relevant hereto, Defendant KOPPERS INC. . . . acquired, managed, and/or operated the aforesaid wood treatment operations at the Site and related and subsequent operations and activities at the Site," while at ¶ 24, it asserts that "Defendant BEAZER EAST obtained ownership of the Site on or about March 30, 2010," and at ¶ 26 that Defendant Beazer East had assumed the liability for clean up for the contamination on the Site, including contamination in the Class Affected Area. In light of the resulting overlapping liability among the Defendants, the Amended Complaint explained, at ¶ 41, that "[a]t all times relevant hereto Defendant BEAZER EAST – and/or its predecessor(s) or other entities for whose conduct and circumstances BEAZER EAST is legally liable and responsible – owned, acquired, managed, and/or operated the aforesaid wood treatment and related and subsequent operations and activities at the Site." As to all other Defendants, the Amended Complaint asserts, at ¶ 42, that the remaining Defendants each "assumed a financial, legal, managerial, and or operational responsibility and liability for environmental . . . consequences associated with the Site." Under *Twombly* and *Iqbal,* this Court is directed to treat these allegations as true and correct for purposes of this motion under Rule 12(b)(6). Thus, this Court must reject Defendants unsupported assertions that each defendant owned, respectively, only a portion of the site or can be liable only for conduct occurring at only certain times.

Further, the foregoing explication of the detailed allegations in the Amended

*Parsons, et. al. v. Koppers, Inc., et. al.*
*Case No.: 1:10-cv-00071-MP-GRJ*
*Plaintiffs' Memorandum in Opposition to Defendants'*
*Motion to Dismiss Amended Class Action Complaint and*
*Class Allegations and Prayers for Relief [D.E.50]*

Complaint demonstrates that Defendants have utterly mischaracterized the detailed nature of those allegations. Contrary to Defendants assertions, the Amended Complaint does in fact differentiate among the four particular defendants and identifies, explicitly and precisely, the acts for which they are responsible and the grounds on which they are liable for the injuries arising from those acts. Since the very premise of this attack rests on a demonstrably false characterization of the Amended Complaint, it should be rejected out of hand. And it is entirely appropriate, where applicable, to plead claims against multiple defendants as a group. See, e.g., *Anwar v. Fairfield Greenwich Ltd.,* __ F.Supp.2d __, 2010 WL 3341636 at 36 (S.D.N.Y., August 18, 2010)(denying motion to dismiss because claims "lumped" all defendants into a single grouping and asserted claims against them as a group).

Nor do the four cases cited by Defendants lead to any different conclusion. Indeed, none of these even addresses remotely comparable circumstances. Thus, for example, *Gomez v. Pfizer, Inc.,* 675 F.Supp.2d 1159 (S.D. Fla. 2009), the Court granted a motion to dismiss a complaint in which the manufacturers of two separate products were sued by a consumer who could not differentiate which product caused her injury. The Court found that the Complaint was defective because "it does not state some definitive relationship between" the two manufacturers who had been named as defendants. Id., at 1162. Of course, here, Plaintiffs have alleged, in substantial detail, the relationship between the Defendants, as well as the relationship between each defendant and the contaminating operations at the Site.

Similarly, the decision of the United States Court of Appeals for the Tenth Circuit

*Parsons, et. al. v. Koppers, Inc., et. al.*
*Case No.: 1:10-cv-00071-MP-GRJ*
*Plaintiffs' Memorandum in Opposition to Defendants'*
*Motion to Dismiss Amended Class Action Complaint and*
*Class Allegations and Prayers for Relief [D.E.50]*

in *Robbins v. Oklahoma,* 519 F.3d 1242 (10th Cir. 2008) provides no support for Defendants' attack, but rather undermines it. In that case, the Court evaluated the sufficiency of pleading in a claim arising under the federal Civil Rights Act, 42 U.S.C. §1983. As the Court there noted, "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations" as instructed under *Twombly/Iqbal/Erickson,* "depends on context: 'Context matters in notice pleading. **Fair notice under Rule 8(a)(2) depends on the type of case.**" Id., at 1248 (citing *Phillips v. County of Allegheny*, 515 F.2d 224, 231-32 (3d Cir. 2008)) (emphasis added). On the one hand, in a Section 1983 case, the context requires a heightened level of pleading which would not apply in the context of a run-of-the-mill case. On the other hand, where – as in the present case – the claim rested on a simple claim of negligence, *Twombly/Iqba/Erickson* "may require little more than the allegation that the defendant negligently" injured the plaintiff by conduct occurring at a specified time and place. Id. The allegations set forth in the Amended Complaint, and in particular in support of Count IV, far exceed this standard.[5]

> **3. Defendants Fail to Demonstrate Any Basis to Dismiss for Failure to Delineate the Impact of A Specific Defendant's Conduct on Plaintiffs or their Property**

Defendants also attack the entirety of the Amended Complaint by asserting that it

---

[5] Defendants' citation of, and reliance on, *Arar v. Ashcioft,* 585 F.3d 559 (2d Cir. 2009) and *In re Travel Agent Commission Antitrust Litigation,* 583 F.3d 896 (6th Cir. 2009), suffer from the same flawed comprehension of the context in which those cases arose. Both arise in contexts in which the Courts have long applied heightened standards of pleading and proof (i.e., claims involving deprivations of rights under the Fifth Amendment of the Constitution and antitrust conspiracies proven through parallel conduct, respectively). And both address pleadings which present allegations that are far less detailed than the allegations in the Amended Complaint.

*Parsons, et. al. v. Koppers, Inc., et. al.*
*Case No.: 1:10-cv-00071-MP-GRJ*
*Plaintiffs' Memorandum in Opposition to Defendants'*
*Motion to Dismiss Amended Class Action Complaint and*
*Class Allegations and Prayers for Relief [D.E.50]*

fails to provide "specific factual allegations that plaintiffs and their respective properties have been physically affected by a specific defendant during the time plaintiffs owned or resided on their properties." Def. Mem. at 9.   Defendants fail to cite to any authority recognizing, even implicitly, that any such pleading standard applies under the Federal Rules of Civil Procedure.   Indeed, any such standard would contravene the directive of Rule 8(a) that a pleading "must contain a ***short and plain statement*** of the claim . . . ." See, *Erickson, supra.*

Certainly, no such authority is presented through Defendants' citation of *Premier Assocs., Inc. v. EXL Polymers, Inc.,* 2010 WL 2838487 (N.D. Ga. July 19, 2010); *Voggenthaler v. Md. Square, LLC.,* 2010 WL 2998253 (D. Nev. July 22, 2010); or *Farash v. Continental Airlines,* 337 Fed. Appx. 7 (2d Cir. 2009).   In *Premier,* the Court dismissed a counterclaim ***not*** because it failed to "identify damaged property with sufficient detail" (as the Defendants state, Def. Mem. at 10), but because the counterclaimant had actually denied ownership of any personal property which could possibly be covered by the counterclaim under the particular statute on which the counterclaim sought to proceed.   In *Voggenthaler,* the Court did ***not*** dismiss the third-party claim because the defendant-third party plaintiff failed to allege sufficient facts showing harm from defendant's conduct (as the Defendants state, id.), but because the plaintiff's assertions were entirely speculative (i.e., "all that can be derived is that . . . Sears and other collective third party defendants 'may' have used and or spilled solvents and other chemicals at another location.").   And in *Farash,* the Court did ***not*** hold that, under Federal pleading standards, a plaintiff must "***specify*** in what manner he was injured

*Parsons, et. al. v. Koppers, Inc., et. al.*
*Case No.: 1:10-cv-00071-MP-GRJ*
*Plaintiffs' Memorandum in Opposition to Defendants'*
*Motion to Dismiss Amended Class Action Complaint and*
*Class Allegations and Prayers for Relief [D.E.50]*

and how the defendant was negligent (as Defendants assert, id.) (emphasis added). Indeed, the word "specify" does not appear anywhere in the quotation which Defendants now take out of context and paraphrase, which in any event is drawn from New York state law and does not relate to pleading standards imposed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Nor could the *Farash* Court have properly adopted any such standard in light of the Supreme Court's standard in *Erickson*.

For all these reasons, the Defendants have failed to demonstrate any validity for their omnibus attacks on the Amended Complaint's level of pleading facts that identified the Defendants, the nature of the Defendants' wrongful activities, or the nature of the injury suffered by the Plaintiffs by reason of those wrongful activities. These attacks should be rejected out of hand, and the motion to dismiss on this specious attack should be denied.

**C.  Defendants' Attacks on Particular Counts in the Complaint Are Baseless**

In addition to their baseless attacks on the sufficiency of facts pled across the various counts in the Amended Complaint, Defendants also move to dismiss Count I (which presents a claim for medical monitoring and equitable relief), Count II (which presents a claim for strict liability for ultrahazardous activity),  and Count V (which presents a claim for negligence *per se* for breach of various Florida state contamination statutes), in each case based on arguments which, apparently, only apply to those particular causes of action.[6]  As demonstrated below, these attacks are also baseless.

**1.  Count I Sufficiently Alleges all Requisite Elements for Medical**

---

[6] Defendants fail to identify any particularized basis to dismiss Counts III (Nuisance), IV (Negligence), or VI (Trespass).

*Parsons, et. al. v. Koppers, Inc., et. al.*
*Case No.: 1:10-cv-00071-MP-GRJ*
*Plaintiffs' Memorandum in Opposition to Defendants'*
*Motion to Dismiss Amended Class Action Complaint and*
*Class Allegations and Prayers for Relief [D.E.50]*

### Monitoring

According to Defendants, Count I is subject to attack on two grounds: (a) that "the Plaintiffs simply" reiterate the elements of the cause of action for medical monitoring, as recognized by Florida law, Def. Mem. at 16, 18, and (b) that "it would be disingenuous of plaintiffs to contend that they are at serious risk of continuing irreparable harm because the operations at wood treating operations at the Site have ceased for several months." Id. at n. 6.

As to the second point, the proposition is ludicrous. The mere fact that the Defendants recently ceased the operations that caused contamination on the Site does not mean, in any respect, that the contaminants released into the ground and ground water at that Site will not continue to leach out and cause further irreparable injury to the Plaintiffs and to their property. Even if Defendants could sustain this illogical and nonsensical assertion based on some evidence they may adduce through discovery or at trial, it has no significance to a motion to dismiss under the *Twombly/Iqbal/Erickson* standard.

And, as to the first point, Defendants simply ignore the entire body of the Amended Complaint, in which Plaintiffs properly and sufficiently allege that the Defendants are responsible for the release of dioxins and other cancer causing chemicals into the environment in which they live (at ¶43); that the Plaintiffs have each personally been exposed to heightened levels of these specific, cancer-causing chemicals (at ¶¶ 10, 12, 14, 16, 18, and 43); that those chemicals are continuing to be transmitted from Defendants' Site through air, soil and water contamination, (at ¶47); and that this

*Parsons, et. al. v. Koppers, Inc., et. al.*
*Case No.: 1:10-cv-00071-MP-GRJ*
*Plaintiffs' Memorandum in Opposition to Defendants'*
*Motion to Dismiss Amended Class Action Complaint and*
*Class Allegations and Prayers for Relief [D.E.50]*

exposure to these chemicals threatens present and continued bodily harm to the Plaintiffs and their children, although such bodily harm has yet to manifest itself (and therefore does provide any adequate legal remedy under Florida law), (at ¶¶ 51-52).  Defendants' characterization of the allegations presented in Count I simply ignores all of these paragraphs of the Amended Complaint, and should be rejected for this reason alone.

Moreover, these allegations are more than sufficient to meet the *Twombly/Iqbal* standard.[7]  Compare, *Sher, supra* (claim for medical monitoring under Florida law survives motion to dismiss by merely asserting exposure to contaminants through negligence of Defendant and that those exposures have increased risk of contracting serious latent diseases for which means of early detection are available); *Swartout v. Raytheon Co.,* 2008 WL 284953 (M.D. Fl. July 16, 2008) (denying motion to dismiss medical monitoring claim under Florida on the very same analysis as described in *Sher*); *Stella v. LVMH Perfumes and Cosmetics USA, Inc.,* 564 F.Supp.2d 833 (N.D. Ill. 2008)

---

[7] Defendants' citation to *Suarez v. Playtex Prods. Inc.,* 2009 WL 2212315 (N.D. Ill. July 24, 2009), see Def. Mem. at 18, as supporting their argument before this Court to dismiss the Amended Complaint totally misses the mark.  In *Suarez,* the federal court in Illinois merely observed that, in the special context of that case, there was no allegation that any of the plaintiff's children had even been exposed to defendant's product, and plaintiff had otherwise disclaimed all other personal injuries.  The Court did make reference to, inter alia, *Carey v. Kerr-McGee Chem. Corp.,* 999 F.Supp. 1109, 1119 (N.D. Ill. 1998), where the Court concluded that, under Illinois law, "a claim for medical monitoring" would be upheld in the face of a motion to dismiss "without requiring plaintiffs to plead and prove either a present physical injury or a reasonable certainty of contracting a disease in the future."  Here, Plaintiffs' Amended Complaint easily meets this test.  And the decisions in *Rink v. Cheminova, Inc.,* 203 F.R.D. 648 (M.D. Fla. 2001); *Zehel-Miller v. Astrazeneca Pharm. LP,* 223 F.R.D. 659 (M.D. Fla. 2004); and *Perez v. Metabolife Int'l Inc.,* 218 F.R.D. 262 (S.D. Fla. 2003) provide no support for Defendants' effort to dismiss Count I.  None of these cases even involved a motion to dismiss (or application of the *Twombly/Iqbal* standard) since they each merely address motions to certify the proceeding as class actions.

*Parsons, et. al. v. Koppers, Inc., et. al.*
*Case No.: 1:10-cv-00071-MP-GRJ*
*Plaintiffs' Memorandum in Opposition to Defendants'*
*Motion to Dismiss Amended Class Action Complaint and*
*Class Allegations and Prayers for Relief [D.E.50]*

(denying motion to dismiss medical monitoring claims under Illinois law); *In re FEMA Trailer Formaldehyde Prods. Liab. Lit.,* 2008 WL 5217594 at 19-20 (E.D. La. December 12, 2008) (refusing to dismiss medical monitoring claims under Alabama, Mississippi, Texas, and Louisiana law); *Fiorentino v. Cabot Oil & Gas Corp.,* __ F.Supp.2d __, 2010 WL 4595524, at 6 (M.D. Pa. Nov. 15, 2010) (denying motion to dismiss medical monitoring claim under Pennsylvania law).[8]

### 2. Defendants Present No Cognizable Basis to Dismiss Count II

Although Defendants seek dismissal of Count II (which seeks relief based on strict liability for ultrahazardous activity), they do not challenge that such a cause of action is recognized under Florida law or that their conduct amounts to ultrahazardous activity as defined under Florida law. Rather, they merely assert that "the plaintiffs' request for a property remediation program" as pursued through this Count "is particularly inappropriate considering the logistical and practical nightmare inherent in establishing such a program." Def. Mem. at 19. This is not a judicially recognized basis to dismiss any part of this Amended Complaint (and Defendants cite to no case which would suggest otherwise).

---

[8] In *Fiorentino,* the United States District Court for the Middle District of Pennsylvania rejected the defendants' arguments against medical monitoring because defendants had "overlooked" the allegations of the complaint, viewed "as a whole." Id. In this motion, Defendants have adopted the same tactic, which should be rejected here as well. And, as the *Fiorentino* court observed, "although a much greater showing is required to actually prove this claim, including expert testimony, we find that, at this stage in the litigation, Plaintiffs have sufficiently alleged plausible facts necessary to support a claim for medical monitoring." Id. The allegations in the Amended Complaint in this case meet – indeed exceed – those presented by the plaintiff in *Fiorentino.*

*Parsons, et. al. v. Koppers, Inc., et. al.*
*Case No.: 1:10-cv-00071-MP-GRJ*
*Plaintiffs' Memorandum in Opposition to Defendants'*
*Motion to Dismiss Amended Class Action Complaint and*
*Class Allegations and Prayers for Relief [D.E.50]*

Nor do the Defendants assert that any court has ever dismissed a complaint based on this assertion, or that any court (from Florida or elsewhere) has ever held that a cause of action seeking such a remedy could not be pursued under Florida law.  All they assert is that the Supreme Court of West Virginia has "directly rejected it."  Def. Mem. at 19 (citing *Carter v. Monsanto Co.,* 575 S.E.2d 342, 345-46 (W.Va. 2002).   Based on our review of computerized databases, no court outside West Virginia has ever cited *Carter* in any reported case, and no court – whether within or without West Virginia – has ever dismissed a complaint based on this ruling in *Carter.*

In sum, Defendants have failed to demonstrate that, in order to proceed on this claim for property remediation, Plaintiffs are required to "provide[ ] the Court with a legal justification", in order to withstand dismissal at this stage of the proceedings, as Defendants assert, Def. Mem. at 20.  This attack, too, is simply baseless and should be rejected.

### 3.   Defendants Fail to Demonstrate Any Basis to Dismiss Count V

Count V asserts a cause of action, under a negligence *per se* theory, based on violations of "the Florida Air and Water Pollution Act, Fl. Stat. §403.11 et seq., and/or Florida's Water Quality Assurance Act, Fl. Stat. §376.30."  According to Defendants, this Count should be dismissed because "Plaintiffs' reliance on these statutes is dubious" because, in Defendants' view, these statutes are not intended to protect a particular class of people, but only the general public at large.  Def. Mem. at 11.  Defendants cite no authority for this proposition, because no case has ever so held.  And the statutory language invoked by the Defendants, Def. Mem. at 12, simply provides no support for

*Parsons, et. al. v. Koppers, Inc., et. al.*
*Case No.: 1:10-cv-00071-MP-GRJ*
*Plaintiffs' Memorandum in Opposition to Defendants'*
*Motion to Dismiss Amended Class Action Complaint and*
*Class Allegations and Prayers for Relief [D.E.50]*

this proposition since these passages merely indicate the reasons why the Legislature was enacting these statutes, not the actual scope, nature or effect of the other provisions enacted by the Legislature through these Acts.

Moreover, Plaintiffs have properly pleaded that they "are members of the class of people that [these statutes] were designed to protect, and the harm suffered is of the type that the Acts were designed to prevent," Amended Complaint, at ¶ 102. Recognizing that these allegations undermine their motion to dismiss this Count, Defendants demand that these allegations be ignored because they are "unsupported." Def. Mem. at 11. This is not the applicable standard. Plaintiffs are not required to provide support for their allegations. Rather, this Court is directed to accept Plaintiffs' allegations – whether supported or unsupported – as true and correct. See, *Steiner-Out, supra* ("the Court must assume that all of the allegations in the complaint are true"). Hence, Defendants' attack on the applicability of the Florida statutes invoked in Count IV is simply baseless.

Defendants also charge that Count V fails to state a cause of action to the extent it relies on Florida's Water Quality Assurance Act both because Plaintiffs "(a) have not sufficiently alleged any nexus between defendants' alleged conduct and surface or ground water pollution, and (b) failed to allege that any discharge violated any [Florida Department of Environmental Protection] standard." Def. Mem. at 12-13. These attacks are easily answered – Plaintiffs are not required, under Rule 8(a) to allege any such nexus or to identify any particular standard which Defendants violated. Defendants cite no case law which would impose such a requirement. To the contrary, the case law is replete with cases in which the type and nature of the allegations in the Amended Complaint

*Parsons, et. al. v. Koppers, Inc., et. al.*
*Case No.: 1:10-cv-00071-MP-GRJ*
*Plaintiffs' Memorandum in Opposition to Defendants'*
*Motion to Dismiss Amended Class Action Complaint and*
*Class Allegations and Prayers for Relief [D.E.50]*

have been held sufficient to meet the test under Rule 8(a).  See, e.g., *Powell v. Tosh,* 2010 WL 3395685 (W.D.Ky. Aug. 25, 2010) (refusing to dismiss negligence *per se* count which merely identified a statute by name and asserted, generally, that "Defendants are in violation of certain Acts, statutes and regulations to prevent air pollution. . . and such failure constitutes 'negligence per se').  Indeed, the federal courts have long held that a plaintiff need not even allege which laws or regulations the Defendant is being charged with violating, or how the violations occurred.  See, e.g., *Great Western Casualty Co. v. Volvo Truck North America, Inc.,* 2010 WL 4222924 at 2 (N.D. Ill., Oct. 20, 2010).  This conclusion is derived from the long-settled principle that "plaintiffs in federal courts are not required to plead legal theories. . . . Even citing the wrong stature needn't be a fatal mistake. . . ."  Id., citing *Hatmaker v. Mem'l Med. Ctr., ___ F.3d ___, 2010 WL 3385191, at *1 (7th Cir. Aug. 30, 2010); Aaron v. Mahl, 550 F.3d 659, 665-66 (7th Cir., 2008); O'Grady v. Vill. of Libertyville, 304 F.3d 719, 723 (7th Cir. 2002); and Ryan v. Ill. Dep't of Children & Family Servs., 185 F.3d 751, 764 (7th Cir. 1999)*).

In any event, and as Defendants concede, Plaintiffs expressly alleged that "waterborne transport of toxic and hazardous materials through runoff from the Site has resulted in some off-site contamination" which is the subject of this lawsuit, Amended Complaint at ¶ 47(e), and that "poor waste handling practices by Koppers Inc. and its predecessors resulted in contaminated ground water and soil."  Id. at ¶ 4.  According to Defendants, these allegations are merely "bare-boned" and therefore "do not meet the *Twombly* and *Iqbal* standard."  Def. Mem. at 14.  In this assertion, Defendants are simply wrong.

*Parsons, et. al. v. Koppers, Inc., et. al.*
*Case No.: 1:10-cv-00071-MP-GRJ*
*Plaintiffs' Memorandum in Opposition to Defendants'*
*Motion to Dismiss Amended Class Action Complaint and*
*Class Allegations and Prayers for Relief [D.E.50]*

Rather, it is clear that the Amended Complaint includes sufficient allegations – whether bare-boned, unsupported, or dubious – to provide Defendants "fair notice of what the claim is and the grounds upon which it rests." Nothing more than this is required under the *Twombly/Iqbal/Erickson* standard, and Defendants have shown no reason why, in this case, a heightened standard of pleading should be imposed.

## III. DEFENDANTS FAIL TO ASSERT ANY BASIS TO STRIKE ANY PART OF THE AMENDED COMPLAINT

In addition to their baseless and specious motion to dismiss, addressed above, Defendants also move to strike certain portions of the Amended Complaint under Rule 12(f) of the Federal Rules of Civil Procedure.

### A. The Motion to Strike Class Action Allegations Should be Denied or Postponed, Pending Resolution of Plaintiffs' Motion to Extend Time Under Local Rule 23.1(B)

Defendants assert that the class action allegations should be stricken for failure to comply with Local Rule 23.1(B), because the Plaintiffs failed to move for class certification within the time frame set forth in that proceeding. Def. Mem. at 20. Defendants fail to cite any case law holding that the failure to comply with this local rule warrants action under Rule 12(f), especially where, as here, Plaintiffs have already addressed this matter by seeking an extension of the time frame for filing that motion. As Defendants do no more than incorporate their opposition to Plaintiffs motion for extension, see Def. Mem. at 20 note 8, this issue should be resolved in the context of the motion to extend, and warrants no further argument here at this time. Until resolution of the motion for an extension is resolved, the motion should be denied or postponed, since the only grounds upon which this motion rests would be rendered moot upon grant of

*Parsons, et. al. v. Koppers, Inc., et. al.*
*Case No.: 1:10-cv-00071-MP-GRJ*
*Plaintiffs' Memorandum in Opposition to Defendants'*
*Motion to Dismiss Amended Class Action Complaint and*
*Class Allegations and Prayers for Relief [D.E.50]*

Plaintiffs' motion for an extension of time.

Plaintiffs further advise the Court that they have withdrawn Count VII of their Amended Complaint by previous Notice filed with the Court.

## CONCLUSION

For all of the reasons set forth herein, Defendants have failed to demonstrate any basis upon which any Count should be dismissed or any aspect of the Amended Complaint should be stricken. To the contrary, when compared against the proper standards applicable under Rules 8(a), 12(b)(6) and 12(f), this Amended Complaint is fully compliant with all pleading requirements and no portion of the Amended Complaint is immaterial. Defendants' motion to dismiss or strike should be denied.

Respectfully submitted,

By: /s/ Ervin A. Gonzalez
  Ervin A. Gonzalez
  Florida Bar Number 500720
  Patrick S. Montoya
  Florida Bar Number 0524441
  **COLSON HICKS EIDSON**
  255 Alhambra Circle, Penthouse
  Coral Gables, Florida 33134
  Telephone: (305) 476-7400
  Facsimile: (305) 476-7444
  Email: Ervin@colson.com
  Email: Patrick@colson.com


  Jordan L. Chaikin
  Florida Bar Number 0878421
  **PARKER WAICHMAN ALONSO LLP**
  3301 Bonita Beach Road, Suite 101
  Bonita Springs, Florida 34134
  Telephone: (239) 390-1000
  Facsimile: (239) 390-0055
  Email: jchaikin@yourlawyer.com

*Parsons, et. al. v. Koppers, Inc., et. al.*
*Case No.: 1:10-cv-00071-MP-GRJ*
*Plaintiffs' Memorandum in Opposition to Defendants'*
*Motion to Dismiss Amended Class Action Complaint and*
*Class Allegations and Prayers for Relief [D.E.50]*

Matthew McCauley
Peter J. Cambs
**PARKER WAICHMAN ALONSO LLP**
6 Harbor Park Drive
Port Washington, New York 11050-4647
Telephone: (516) 466-6500
Facsimile: (516) 466-6665
Email: mmccauley@yourlawyer.com
Email: pcambs@yourlawyer.com

Stuart Calwell
Thomas Rodd
**THE CALWELL PRACTICE, PLLC**
Law & Arts Center West
500 Randolph Street
Charleston, WV 25302
Tel: (Toll Free): (800) 876-5529
Tel: (Local): (304) 343-4323
Fax:  (304) 344-3684
Email: scalwell@calwelllaw.com
Email: trodd@calwelllaw.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court this 2[st] day of December 2010, by using the CM/ECF system which will send notice of electronic filing to all parties of record.