IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES ARTHUR JONES, SR, MARY ANN JONES, OZIAH CARSON JONES, SHANTELL SHAMEA JONES, KEVIN KENNEDY, MURIELLE KELLY KENNEDY, SANDRA WATTS KENNEDY, FARINDA OSTEEN, MARIA PARSONS, MICHAEL PARSONS, AARON JONES STEPHENSON, CARLOS UDAE STEPHENSON,

    Plaintiffs,

v.                                          CASE NO. 1:10-cv-00071-MP -GRJ

BEAZER EAST INC, CABOT CORPORATION, KOPPERS INC,

    Defendants.

_____/

**O R D E R**

This matter is before the Court on Doc. 23, First Motion for Extension of Time to File Motion for Class Certification and Incorporated Memorandum of Law by Plaintiffs. Local Rule 23.1(B) requires that within ninety (90) days after the filing of a class action, the plaintiff shall move for a determination as to whether the case is to be maintained as a class action, unless this period is extended on motion for good cause appearing. The original Complaint in this case was filed on April 20, 2010. Plaintiff's motion for class certification, however, was not filed by July 19, 2010, ninety days later. Plaintiffs did not move for the present *nunc pro tunc* extension of time to move for class certification until September 22, 2010, sixty-four (64) days after the original deadline. As Judge Smoak noted in <u>Jones v. Hartford Ins. Co. of Midwest</u>, "The plain language of Local Rule 23.1(B) is clear and unambiguous. The rule commands that the motion

for class determination must be filed within ninety days after filing a complaint, not after filing a subsequent amended complaint." 243 F.R.D. 694, 695 (N.D.Fla. 2006). The question for this Court, then, is whether Plaintiffs can show their neglect in failing to comply with Local Rule 23.1(B) is excusable, or for good cause. A hearing was held on November 30, 2010, at 10:30 a.m. to address this question.

Whether neglect is excusable is to be determined by a four-factor test: "the danger of prejudice to the [nonmovant], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was in the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Investment Services v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993). Defendants have suffered no legal prejudice from Plaintiffs' failure timely to file their motion for class certification. The length of delay from the original July 19, 2010 due date for the motion continues to grow, with the potential effect that possible class members are not protected should these named plaintiffs be denied class certification.

> Delay by a representative plaintiff impedes the court's consideration of the issue and may prejudice the rights of the class members. Judge Frankel of the Southern District of New York has observed: '...pertinent statutes of limitation may be running and important interests may be exposed to injury or destruction. There is no limitations problem, of course, if the suit is eventually held properly maintainable as a class action. But that can be known only after, not before, the determination under [Fed.R.Civ.P. 23](c)(1). And while the determination is delayed, members of a putative plaintiff class may be led by the very existence of the lawsuit to neglect their rights until after a negative ruling on this question- by which time it may be too late for the filing of independent actions.'

Williams v. Southern Bell Telephone and Telegraph Co., 1978 WL 73, *2-3 (S.D.Fla. 1978) (*quoting* Frankel, J., Some Preliminary Observations Concerning Civil Rule 23, 43 F.R.D.. 39, 40 (1968)).

As to the reason for the delay, the Eleventh Circuit has held that, as a matter of law, "an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline." Advanced Estimating System, Inc. v. Riney, 130 F.3d 996 (11th Cir. 1997). If it were otherwise, "almost every appellant's lawyer would plead his own inability to understand the law when he fails to comply with a deadline. We do not believe the [Supreme] Court intended a practice that would require courts to be that lenient about disobedience to plain law." *Id.* This Court applies the same reasoning to the enforcement of the Northern District of Florida's local rules under the particular circumstances of the instant motion.

Here, Plaintiffs' current counsel, Mr. Montoya, argued that he and his partner Mr. Gonzalez filed the instant motion for an extension of time as soon as they were retained by Plaintiffs. He argued that Plaintiffs' prior counsel were the ones responsible for the failure to comply with Local Rule 23.1(B), and that Plaintiffs themselves have been proceeding in good faith and ought not be punished for prior counsel's failure or inexperience with complex litigation. Mr. Montoya and Mr. Gonzalez' ability and experience as counsel in complex litigation, which Defendants do not dispute, is not the concern underlying Local Rule 23.1(b), however.

Six attorneys from five separate law firms signed the original Complaint in April of 2010. Even represented by five different firms, Plaintiffs did not file their motion to extend time to submit their class certification motion until sixty-four days after the class certification motion was due. Plaintiffs are not at liberty to avoid deadlines clearly imposed by the local rules by hiring new counsel whenever a deadline has been ignored, who then argues that Plaintiff's previous neglect of the deadline should be forgiven. Failure of Plaintiffs' counsel to timely file a

motion for class certification does reflect on their ability to represent a class of plaintiffs, even when they have since hired new counsel who are more experienced in complex litigation and more respectful of the local rules of this District.  This Court therefore declines to excuse Plaintiffs' neglect in failing to meet the deadline imposed by Local Rule 23.1(B).

Failing to move for class certification constitutes a "failure to protect the interests of class members" and "surely bears strongly on the adequacy of the representation that those class members might expect to receive." East Texas Motor Freight System, Inc. v. Rodriguez, 431 U.S. 395, 405 (1977).  This reasoning applies as well to inexcusable delay in moving for class certification.  *See* Williams v. Southern Bell 1978 WL 73.  Even if defendants have not been prejudiced by the delay, "the public business of the court ... has been hampered and delayed." Walker v. Columbia University, 62 F.R.D. 63, 64 (S.D.N.Y. 1973).

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. First Motion for Extension of Time to File Motion for Class Certification, Doc. 23, is DENIED.

2. This Court DENIES class certification to Plaintiffs under Fed.R.Civ.P. 23(c)(1).

**DONE AND ORDERED** this   6th  day of December, 2010

       *s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge