UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE, DIVISION

MARIA PARSONS and MICHAEL PARSONS,
MARY ANN JONES and JAMES ARTHUR
JONES, SR., SHANTELL SHAMEA JONES,
Individually, and as the Parent and Natural
Guardian of CARLOS UDAE STEPHENSON,
AARON JONES STEPHENSON, and OZIAH
CARSON JONES, Minor Children, SANDRA
WATTS KENNEDY and KEVIN KENNEDY,
Individually, and as the Parents and Natural
Guardians of MURIELLE KEELY KENNEDY, a
Minor Child, and FARINDA OSTEEN,
Individually and on Behalf of a Class of Persons
who are Similarly Situated,

    Plaintiffs,

v.                                                               CASE NO. 1:10-cv-00071-MP-GRJ

KOPPERS INC., f/k/a KOPPERS INDUSTRIES,
INC., BEAZER EAST, INC., f/k/a KOPPERS
COMPANY, INC., KOPPERS HOLDINGS INC.,
and BEAZER LIMITED,

    Defendants.

**UNOPPOSED MOTION FOR LEAVE TO FILE REPLY MEMORANDUM**

Defendants Koppers Inc. ("Koppers") and Beazer East, Inc. ("Beazer"), by their counsel, Hill, Ward & Henderson P.A. and Wildman, Harrold, Allen & Dixon, LLP, respectfully request leave of the Court to file a Reply Memorandum in support of their Motion to Dismiss Amended Class Action Complaint or, in the Alternative, to Strike Class Allegations and Prayers for Relief ("Motion"). Defendants submit the following memorandum of law in support of this motion.

## MEMORANDUM OF LAW

Plaintiffs' Amended Complaint purports to assert causes of action for nuisance, trespass, negligence, negligence *per se*, medical monitoring, strict liability and statutory claims based on the alleged emission of chemicals and dust from a Superfund site defendants were alleged to have owned and operated in Gainesville, Florida. (*See* Doc. 22.) Defendants moved to dismiss and/or strike each of plaintiffs' claims for failure to comply with the pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and for failure to state a claim for negligence *per se*, violation of Florida's Water Quality Assurance Act ("WQAA"), and medical monitoring and other injunctive relief. (*See* Doc. 50.)

On December 2, 2010, Plaintiffs filed their Memorandum in Opposition to Defendants' Motion ("Memorandum"). (*See* Doc. 61.) Plaintiffs' Memorandum mischaracterizes the arguments and authorities set forth in Defendants' Motion. As a result, Defendants seek leave to file a Reply Memorandum which addresses these mischaracterizations. Three examples are illustrative. First, Plaintiffs fault Defendants for setting forth "an incomplete and improper paraphrase of the judicially recognized standard arising from the Supreme Court's recent decisions in" *Twombly* and *Iqbal*. (*See* Memorandum at p. 5.) However, none of the cases cited by Plaintiffs contradict Defendants' assertion that, under *Twombly* and *Iqbal*, a complaint must set forth sufficient factual content to raise a right to relief above the speculative level. (*See* Motion at pp. 6-7.) *See, e.g., Speaker v. U.S. Dept. of Health and Human Servs. Ctrs. For Disease Control and Prevention*, 623 F.3d 1371, 1381 (11th Cir. 2010) (although

denying motion to dismiss, noting: "[G]iven the pleading standards announced in *Twombly* and *Iqbal*, Speaker must do more than recite these statutory elements in conclusory fashion. Rather, his allegations must proffer enough factual content to 'raise a right to relief above the speculative level.'") (*citing Twombly*, 550 U.S. at 555).

Second, Plaintiffs criticize Defendants' citation to *St. Joe Co. v. Leslie*, 912 So.2d 21 (Fla. Dist. Ct. App. 2005), claiming that *St. Joe* "provides utterly no support for Defendants' claim" and is "totally inapposite here." (Memorandum at p. 9.) To the contrary, the *St. Joe* case involved a purported class action brought by a group of property owners who alleged injury to their properties as a result of St. Joe Company's alleged dumping of paper mill products – a case similar to the one at bar. The cited opinion discussed the elements of claims for trespass, negligence, strict liability, nuisance, and violation of the WQAA – many of the same claims that Plaintiffs brought in the case at bar.

Finally, it is untrue that *Calhoun v. U.S.*, No. 3:09cv268/MCR/MD, 2010 WL 3277652 (N.D. Fla. June 30, 2010), is "on any reading…utterly inapposite to this case." (*See* Memorandum at p. 10.) The plaintiff in *Calhoun* sought damages for alleged property contamination. Defendants moved to dismiss pursuant to Rule 12(b)(6), and the court granted the motion and dismissed plaintiff's claims with prejudice. In doing so, the court stated: "[P]laintiff's contention that [defendant] is committing the alleged misconduct is based on unwarranted deductions of fact and unreasonable inferences. There is no factual content in the complaint to reasonably warrant plaintiff's assertion that [defendant] did anything." *Calhoun*, 2010 WL 3277652, at *14. *Calhoun* plainly

supports Defendants' contention here that plaintiffs' complaint should be dismissed for failure to allege sufficient facts showing that Defendants caused physical harm to plaintiffs' property. (*See* Motion at p. 7.).[1]

Pursuant to Local Rule 7.1(C)(2), "[n]o reply memoranda shall be filed absent a showing of good cause and upon leave of the court." Good cause exists for Defendants' filing of a reply memorandum in support of their motion to dismiss, as set forth above. In particular, Defendants request leave to file a reply to address Plaintiffs' inappropriate mischaracterization of the arguments and authorities set forth in Defendants' Motion. As Defendants have the burden on their Motion, they respectfully submit that it would be appropriate to permit the filing of a reply memorandum here. *See, e.g., Mendez-Arriola v. White Wilson Med. Ctr. PA,* No. 3:09cv495/MCR/EMT, 2010 WL 3385356, *9 (N.D. Fla. Aug. 25, 2010) (denying motion for reconsideration of order granting defendants leave to file reply in support of motion to dismiss, noting that "on a motion to dismiss, defendants have the burden so it makes sense they would be permitted to file a brief reply to plaintiff's response").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an Order granting them leave to file within 14 days a Reply Memorandum in Support of their Motion to Dismiss Amended Class Action Complaint or, in the Alternative, to Strike Class Allegations and Prayers for Relief.

---

[1] These are merely three of the many mischaracterizations Defendants wish to clarify in their reply brief.

CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1, the undersigned hereby certifies that counsel for Defendants, Koppers Inc. and Beazer East, Inc., has conferred with counsel for Plaintiffs regarding the relief requested herein and certifies that counsel for Plaintiffs has no objection to Defendants' request to file a reply brief in support of Defendants' motion to dismiss.

Date:   December 7, 2010                    Respectfully submitted,

|  |  |
|---|---|
|  | s/ Megan C. Millirons |
| **OF COUNSEL:** | Benjamin H. Hill, III (FBN 094585) |
| Robert L. Shuftan (ILBN 3124475) | bhill@hwhlaw.com |
| *Northern District Bar application to be submitted* | Dennis P. Waggoner (FBN 509426) |
| | dwaggoner@hwhlaw.com |
| shuftan@wildman.com | HILL, WARD & HENDERSON P.A. |
| David A. Kanter (ILBN 6187653) | 101 East Kennedy Blvd., Suite 3700 |
| *Admitted to Northern District Bar 9/30/10* | P.O. Box 2231 |
| kanter@wildman.com | Tampa, FL 33602 |
| Brent R. Austin (ILBN 6220501) | Phone: (813) 221-3900 |
| *Admitted to Northern District Bar 9/29/10* | Fax: (813) 221-2900 |
| austin@wildman.com | |
| Paul K. Freeborn (ILBN 6277489) | |
| *Admitted to Northern District Bar 10/28/10* | |
| freeborn@wildman.com | |
| Megan C. Millirons (ILBN 6290249) | |
| *Admitted to Northern District Bar 9/29/10* | |
| millirons@wildman.com | |
| Wildman, Harrold, Allen & Dixon LLP | |
| 225 W. Wacker Drive, Suite 2800 | |
| Chicago, IL 60606 | |
| Phone: 312-201-2000 | |
| Fax: 312-201-2555 | |
| | **ATTORNEYS FOR DEFENDANTS KOPPERS INC. and BEAZER EAST, INC.** |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 7, 2010 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

s/ Megan C. Millirons